Mr. Justice ThacheR
delivered the opinion of the court.
This is an action upon the following guaranties : one, dated February 26th, 1836, in these words“ Messrs. N. & J. Dick & Co. I hereby guaranty to you the punctual payment of any draft or drafts that may be hereafter drawn on you by Ransom D. Crowder, and accepted to the extent of $20,000. And I further guaranty the payment of 2| per cent, commission for accepting said drafts, and interest after due, at the rate of 10 per cent, per annum, if not punctually paid by the drawer. J. B. Crowder.” The other, dated April 5th, 1841, in these words .- “ Messrs. N. & J. Dick & Co. I wish you to charge R. Crowder with the within account of $8,803 and take it out of my account. I hereby guaranty to you the payment of the account with 10 per cent, interest. J. B. Crowder.” After the first guaranty was given, R. D. Crowder, jointly with J. J. Crowder, drew upon N. & J. Dick & Co. for $10,000, and R. D. Crowder alone drew upon them for $5,000. In May, 1839, J. B. Crowder gave J. & N. Dick & Co. his note for $16,095.98, which amount included his own account to the house, and also that of R. D. Crowder, which embraced the amounts unpaid of the two drafts of $10,000 and $5,000. Soon after this note matured, J. B. Crowder settled his indebtedness to the house by paying his individual account, by paying the *77 sum of $341.93 on account of R. D. Crowder, and by inducing the house to separate their charge against R. D. Crowder from his own account. In consideration of this, he gave the second guaranty for the sum of $8,803.03, which was the balance due by R. D. Crowder upon liis two drafts, after deducting payments made by him, and is the sum sought to be recovered in this action.
A question made in the case, is whether the draft of $10,000, drawn jointly by R. D. and J. J. Crowder, was protected by the guaranty first executed. This draft was not within the specific terms of the guaranty, which was limited to drafts drawn "by R. D. Crowder only. The general rule is laid down to be that an engagement as surety for a particular person has exclusive relation to his acts alone, and will not extend to the acts of another; and that the terms of a guaranty must be strictly followed. Com. on Con. 268 ; 1 Mason’s C. C. R. 368. .
Under the circumstances of this case, however, more consideration is given to this question than it warrants. The draft of $10,000 was obviously accepted on the faith of the first guaranty. Admitting that the liability of J. B. Crowder, under the first guaranty, was doubtful and disputed, he recognized it by giving his note for $16,095.98; and a guaranty given upon a settlement which had been disputed contains a sufficient consideration. Again, J. B. Crowder was acquainted with the nature and extent of the first guaranty, and he was also informed of the mode in which the draft for $10,000 had been drawn, as he was shown the account current of R. D. Crowder with the house. With a view of .all these things, he acknowledged his own liability for R. D. Crowder, by giving a note including his liability, and subsequently he made an express obligation to guarantee its payment, by which he waived any objections he had to the draft of $10,000, and constituted a good consideration for the second guaranty. This guaranty, having also been given in consequence of an agreement to separate the amount of R. D. Crowder’s account from the account of J. B. Crowder’s account, was so much a payment of the note of $16,095.98. Thus J. B. Crowder’s liability pro *78 tanto was placed secondary to the house where he had been before bound in the first instance. This likewise created a good consideration. Flagg v. Upham, 10 Pick. 147.
The first instruction, asked by the plaintiffs in the court below, embodied the foregoing principles, and was erroneously refused by the court.
Judgment reversed, and new trial awarded.